UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:26-CV-00152-MEO-MTO

| | |
|---|---|
| TAKISHA ROACH,<br><br>Plaintiff,<br><br>v.<br><br>ACTS-Aviation Security, Inc.,<br><br>Defendant. | **MEMORANDUM & ORDER** |

**THIS MATTER** is before the Court on Defendant ACTS-Aviation Security, Inc.'s Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 8). Plaintiff Takisha Roach, who is representing herself, filed a brief response objecting to dismissal. (Doc. No. 10). The Court has considered the Complaint, the parties' filings, and the applicable law. For the reasons that follow, the Court will grant the motion and dismiss this action without prejudice.

## I. BACKGROUND

Plaintiff filed this action in Mecklenburg County Superior Court on a form complaint, and Defendant removed it to this Court. (Doc. Nos. 1, 1-1). In four handwritten sentences, Plaintiff alleges that Defendant wrongfully terminated her, causing pain, suffering, and lost wages; failed to properly investigate "my case"; discriminated against her "because of my color" and retaliated against her after another associate reported a false statement; and failed to protect her rights, in violation of Title VII of the Civil Rights Act of 1964. (Doc. No. 1-1 at 1–2). She seeks

$550,000. (*Id.* at 2). In her response, Plaintiff states that she can prove Defendant failed to conduct a proper investigation on January 17, 2025, before discharging her, and that she believes she was discriminated against because of her color and retaliated against.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Twombly*, 550 U.S. at 570; *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd sub nom. Coleman v. Ct. of Appeals of Md.*, 566 U.S. 30 (2012). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . 'unwarranted inferences, unreasonable conclusions, or arguments.'" *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). Construing the facts in this manner, a complaint must contain "sufficient factual matter, accepted as true, to state a claim

to relief that is plausible on its face." *Id.* (internal quotation marks omitted). Thus, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

Further, this Court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Iqbal*, 556 U.S. at 684 (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

## III. DISCUSSION

The Court recognizes that Plaintiff is proceeding without a lawyer and that she sincerely believes her termination was unfair. Even read with the generosity owed to a pro se filing, however, the Complaint does not contain the factual allegations the law requires to proceed.

### A. Color Discrimination

For a claim of discrimination based on color, a Title VII plaintiff need not plead a prima facie case, but she must allege facts that plausibly show the employer acted against her because of a protected trait. *McCleary-Evans v. Md. Dep't of Transp.*, 780 F.3d 582, 585–86 (4th Cir. 2015). The Complaint does not identify Plaintiff's color,

describe her job or the circumstances of her termination, or allege any fact—such as a remark or more favorable treatment of a coworker of a different color—suggesting that color played a role. The bare statement that Defendant acted "because of my color" is a conclusion the Court cannot accept as sufficient under the governing standard. *Iqbal*, 556 U.S. at 678.

### B. Retaliation

A retaliation claim requires facts showing that the plaintiff engaged in protected activity—such as complaining about discrimination—and that the employer took adverse action because of it. *Barbour v. Garland*, 105 F.4th 579, 590 (4th Cir. 2024); *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 282 (4th Cir. 2015) (en banc); 42 U.S.C. § 2000e-3(a). The Complaint describes no protected activity by Plaintiff. It alleges only that a coworker made a false report. However unfair that may have been, a coworker's false accusation is not protected activity by Plaintiff and does not state a retaliation claim.

### C. Failure to investigate and wrongful discharge.

Title VII does not require an employer to conduct any particular investigation before terminating an employee; a flawed process or mistaken decision is actionable only if it was motivated by a protected trait or protected activity, which the Complaint does not plausibly allege. *See DeJarnette v. Corning Inc.*, 133 F.3d 293, 299 (4th Cir. 1998). To the extent Plaintiff intends a North Carolina claim for wrongful discharge in violation of public policy, the Complaint does not identify any public policy that her discharge violated. And any such claim resting on the State's policy against color discrimination is analyzed under the same framework as Title VII and fails for the

same reasons. *See Hardin v. Belmont Textile Mach. Co.*, 355 F. App'x 717, 721 (4th Cir. 2009) (per curiam).

Plaintiff's response does not change this result. A complaint cannot be amended through briefing, *S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013), and in any event, the response restates the same conclusions without supporting facts. Because the Complaint fails for these reasons, the Court need not reach Defendant's exhaustion argument. Plaintiff is advised, however, that a Title VII claim generally requires a timely charge with the Equal Employment Opportunity Commission and suit within ninety days of receiving a right-to-sue notice. 42 U.S.C. § 2000e-5(e)(1), (f)(1); *Fort Bend Cnty. v. Davis*, 587 U.S. 541, 550–51 (2019).

Defendant asks that dismissal be with prejudice. Because Plaintiff is proceeding pro se and the defects identified are failures to allege facts, rather than defects shown on this record to be incurable, the Court will dismiss without prejudice.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Dismiss (Doc. No. 8) is **GRANTED**, and Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**. The Clerk is respectfully directed to close this case and to mail a copy of this Order to Plaintiff at her address of record.

**SO ORDERED.**

Signed: November 17, 2026

Matthew E. Orso
United States District Judge